IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALVIN PARKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-862-D |
| | ) | |
| TERRY MARTIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Charles B. Goodwin pursuant to 28 U.S.C. § 636(b)(1). Upon initial screening of the Petition Under 28 U.S.C. § 2241, Judge Goodwin recommends that the Petition be dismissed. Petitioner has filed a timely written objection. Thus, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner appearing *pro se*, asserts as his first ground for habeas corpus relief that the Oklahoma Pardon and Parole Board violated the Equal Protection Clause of the Fourteenth Amendment by not recommending him for parole in December 2013.[1] Petitioner claims that "[s]imilarly situated inmates have intentionally been treated

---

[1] Petitioner has a habit of filing a habeas action each time an opportunity for parole is unsuccessful. *See Parker v. Standifird*, 469 F. App'x 659 (10th Cir. 2012); *Parker v. Dinwiddie*, No. 08-6124, 2009 WL 175053 (10th Cir. Jan. 27, 2009); *Parker v. Sirmons*, 152 F. App'x 705 (10th Cir. 2005).

differently by the parole board, and there is no rational relation between the dissimilar treatment and any legitimate penal interest." *See* Petition [Doc. No. 1] at 4. Petitioner made identical allegations in a previous petition filed in December 2010. *See Parker v. Standifird*, Case No. CIV-10-1395-D, Petition, p.6 (W.D. Okla. Dec. 29, 2010). The Court dismissed the petition for failure to state an equal protection claim; the court of appeals found this resolution was "not reasonably subject to debate" and denied a certificate of appealability. *See Parker v. Standifird*, 469 F. App'x 659, 660 (10th Cir. 2012). In his current Petition, however, Petitioner presents different factual allegations to support his claim. Where he had previously compared himself to parolees with similar convictions whose victims were not police officers, Petitioner now alleges that three inmates that are like him in certain respects, including some statutory factors, have been paroled since 2010.[2]

Upon review of the Petition, Judge Goodwin finds that Petitioner's present allegations fail to state a claim upon which relief can be granted for the same reasons that his prior petition was insufficient to state an equal protection violation. Judge Goodwin reasons: "Petitioner's assertions that he is similar to three paroled inmates in very limited respects, even if assumed to be true, provide insufficient 'factual support for the legal basis of his equal protection claim, i.e., that any difference in treatment . . . is not related to a legitimate penological purpose but is, instead, the result of unlawful discrimination.'" *See* Report & Recom. [Doc. No. 10], p.8 (quoting *Parker v. Standifird*, 469 F. App'x at 660).

---

[2] *See* Okla. Stat. tit. 57, § 332.7(G), (J).

2

In his Objection, Petitioner simply disagrees with Judge Goodwin's legal conclusion. Petitioner argues that he has stated a plausible "class of one" equal protection claim by "provid[ing] sufficient factual allegations to establish that [he] and the identified parolees were similarly situated in every material respect." *See* Objection [Doc. No. 12] at 3. Upon *de novo* consideration of the Petition, the Court rejects this argument. For reasons ably explained by Judge Goodwin, the Court finds that Petitioner has not alleged facts that would entitle him to relief on his equal protection claim and that his new allegations fail to overcome the deficiencies found by the Tenth Circuit in *Parker v. Standifird*. Therefore, Petitioner's first ground for relief lacks merit and should be dismissed.

Petitioner asserts as a second ground for relief, an unrelated claim that he was denied due process by the District Court of Oklahoma County, Oklahoma, by the imposition of sanctions for filing a frivolous claim where there was no evidence the claim was frivolous. After providing Petitioner an opportunity to show cause why he should not be sanctioned for filing his fourteenth application for post-conviction relief from his 1990 conviction of second-degree murder and a 199-year prison sentence, the state court found that Petitioner had abused the judicial process to an extent that warranted sanctions. On May 15, 2014, the state district court ordered: payment of attorney fees of $750.00 to the Oklahoma County District Attorney and court costs of $250.00 to the Oklahoma County Court Clerk from any account held for Petitioner's benefit at the maximum percentage allowed by law; revocation by the Department of Corrections ("DOC") of Petitioner's permission to possess non-

essential personal property for a period for 180 days; and revocation by DOC of 720 earned credits.

Upon review of the Petition and an attached copy of the sanction order, Judge Goodwin finds that Petitioner has failed to allege facts to show the sanctions imposed will prolong the duration of his confinement and, thus, the state court's order does not implicate a liberty interest. The only part of the sanction that might affect the duration of confinement was the revocation of earned credits. By the terms of the order, however, the revocation was suspended "so long as Petitioner ceases to pursue collateral remedy in the Oklahoma County District Court" and, even then, the state district court retained "its discretion to impose all or part of the suspended sanction" if Petitioner did make another post-conviction filing. *See* Petition, Ex. 1 [Doc. No. 1-1], pp.7-8 (ECF numbering). Because Petitioner does not allege facts from which an actual loss of earned credits could be found, Judge Goodwin finds that Petitioner has failed to state a plausible due process claim or a claim upon which relief can be granted under § 2241.[3]

In his Objection, Petitioner contends Judge Goodwin has misinterpreted the Tenth Circuit's holding in *Davis v. Ward*, 92 F. App'x 634 (10th Cir. 2004), that a suspended punishment does not implicate a liberty interest. This is a curious argument because Judge

---

[3] Judge Goodwin noted that if a future order were to impose the suspended sanction and implicate a protected liberty interest, a determination of whether a due process violation occurred would turn on the substance of the order. *See* Report & Recom. [Doc. No. 10], p.11 n.8 (citing a prior case in which Petitioner successfully asserted a due process claim based on another state court judge's sanction ordering a loss of 720 earned credits, *Parker v. Province*, 339 F. App'x 850, 854 (10th Cir. 2009)).

Goodwin neither cites nor relies on *Davis* in his Report. Petitioner's attempt to distinguish *Davis*, however, is unpersuasive. In that case, the court of appeals found a prison disciplinary proceeding did not implicate a liberty interest because the hearing officer suspended an order forfeiting 180 earned credits and the time period for prison officials to reinstate the sanction had expired. *See id*. 635. Petitioner argues that, unlike *Davis*, the time period during which his loss of earned credits could be ordered has not expired. While the suspension order in this case was not for a finite time period, the fact remains that no loss of earned credits has occurred, and no loss may ever occur unless the state district court should subsequently exercise its discretion to impose the suspended sanction. Thus, the sanction order did not affect the duration of Petitioner's confinement. Therefore, no liberty interest is currently implicated, and no habeas remedy is available. *See Wilkinson v. Dotson*, 544 U.S. 74, 79-80, 82 (2005) (prisoner who does not seek immediate or speedier release must proceed under § 1983).

In summary, upon *de novo* review of the record, the Court finds that the Petition should be dismissed for failure to state a claim upon which relief can be granted under § 2241. As to the due process claim based on the state court's sanction order, the dismissal should be without prejudice to a future petition if the suspended sanction is imposed. As to the equal protection claim, the dismissal should be with prejudice.[4]

---

[4] Because Petitioner has failed to state a federal constitutional claim, the Petition is subject to dismissal with prejudice for lack of merit. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is adopted in its entirety. The Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus [Doc. No. 1] is dismissed, as set forth herein. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.[5] A COA may issue only upon "a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA will be denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 13th day of May, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] *See Montez v. McKinna*, 208 F.3d 862, 868-69 (10th Cir. 2000) (requiring a COA to appeal denial of habeas petition brought by state prisoner under 28 U.S.C. § 2241).