# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-14-862-D |
| JANET DOWLING, Warden,[1] | ) ) ) |
| Respondent. | ) ) |

## **O R D E R**

Petitioner, appearing *pro se*, has filed a Motion for Reconsideration of Order Denying Request for Certificate of Appealability and Order for Leave to Proceed on Appeal In Forma Pauperis [Doc. No. 20], and a separate Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit [Doc. No. 19].

Petitioner asks the Court to reconsider its determination in the Order of May 13, 2015, that the standard for issuing a certificate of appealability ("COA") is not met in this case. Petitioner presents additional argument regarding the merits of the constitutional claims raised in his Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus. Petitioner contends regarding Ground One that the defect in his "class of one" equal protection claim could possibly be cured by amendment of his pleading. Petitioner contends regarding Ground Two that the Court misapplied Tenth Circuit law and incorrectly found the sanctions imposed by the state district court did not implicate a liberty interest.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Respondent's successor is automatically substituted as a party.

Petitioner's request for relief from the Court's prior COA ruling is governed by Fed. R. Civ. P. 59(e). The grounds for granting relief from a judgment under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012). A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete*, 204 F.3d at 1012 (citations omitted). Petitioner fails to acknowledge this standard or to satisfy it.[2]

Further, were the Court were to revisit its COA determination, it would again find no "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). Petitioner's additional arguments do not "demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Therefore, the Court adheres to its decision to deny a COA.

Regarding Petitioner's request to proceed on appeal *in forma pauperis*, he must show both that he is financially unable to pay the required fee and that the appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(1) & (3). A showing of good faith requires "the existence of

---

[2] As a *pro se* litigant, Petitioner is entitled to liberal construction of his Motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *See also DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). Upon consideration, the Court finds that Petitioner has demonstrated a financial inability to pay the appellate filing fee but he has not identified a reasoned, nonfrivolous issue or supporting argument to be presented on appeal. Therefore, the Court finds the appeal is not taken in good faith and Petitioner is not entitled to proceed without prepayment of the filing fee for his appeal.

IT IS THEREFORE ORDERED that the Request for Reconsideration of Order Denying Request for Certificate of Appealability and Order for Leave to Proceed on Appeal In Forma Pauperis [Doc. No. 20], as well as the Motion to Proceed In Forma Pauperis [Doc. No. 19], are DENIED. Petitioner shall pay the $505.00 appellate filing fee to the Clerk of this Court within 30 days from the date of this Order.

IT IS SO ORDERED this 19th day of June, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE